UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALLEN R. HAGAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:06-CV-317 RM |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Allen Hagan seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). For the reasons that follow, the court vacates the Commissioner's decision and remands the case.

BACKGROUND

Mr. Hagan applied for disability insurance benefits and SSI in January 2002, alleging an onset of disability as of August 23, 1998. His applications were denied initially, on reconsideration, and following an administrative hearing at which he was represented by counsel. At that hearing, the administrative law judge heard testimony from Mr. Hagan and a vocational expert, Leonard Fisher,

Ph.D.. The ALJ found on the basis of the evidence presented that while Mr. Hagan had a combination of impairments that were severe (including lumbar degenerative disc disease, post-surgical bilateral shoulder residuals, osteomyelitis and osteonecrosis of the jawbone, asthma, mood disorder, and over-use of pain medications), none of his impairments, singularly or in combination, met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. The ALJ found that Mr. Hagan's allegations regarding his limitations were "not totally credible", and that Mr. Hagan retained the residual functional capacity to perform a significant range of light and sedentary work. Although exertional limitations precluded him from performing his past relevant work, the ALJ found that Mr. Hagan still was capable of performing a significant number of other jobs in the region. Relying on the vocational expert's testimony, the ALJ concluded that Mr. Hagan could still perform work as a mail sorter, parking lot attendant, usher, office helper, taper, order clerk, document preparer and surveillance system monitor and, therefore, was not disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520 and 416.920. When the Appeals Council denied Mr. Hagan's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. 20 C.F.R. §§ 404.955, 404.981, 416.1455, and 416.1481; Fast v. Barnhart, 397 F.468, 470 (7th Cir. 2005). This appeal followed.

Mr. Hagan asserted disability on the basis of several impairments in his applications for benefits, but focuses primarily on the ALJ's findings with respect

2

to osteomyelitis and osteonecrosis of the jawbone on appeal. He contends that the ALJ should have given controlling weight to the opinions offered by his treating oral surgeon (Dr. Robert McMahon) or articulated his reasons for not doing so, and did neither. Mr. Hagan also contends that the ALJ's assessment of his credibility is unsupported, that the ALJ should have considered his chronic and severe pain and the effects pain medications have on his ability to engage in work-related activity and did not do so, and that the ALJ did not resolve conflicts between Dr. Fisher's testimony regarding the type of work an individual with Mr. Hagan's impairments could perform and descriptions contained in the Dictionary of Occupational Titles ("DOT").

STANDARD OF REVIEW

The court must affirm the Commissioner's determination if it is supported by substantial evidence, 42 U.S.C. § 405(g); see Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence analysis prevents the court from "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility"—in short, substituting its own judgment for that of the Commissioner, Williams v. Apfel, 179 F.3d 1066, 1071-1072 (7th Cir. 1999); accord Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000)—but the court will

not simply "rubber-stamp the Commissioner's decision without a critical review of the evidence." Clifford v. Apfel, 227 F.3d at 869.

DISCUSSION

Residual functional capacity is an assessment of the work-related activities a claimant is able to perform despite the limitations imposed by an impairment or combination of impairments. Young v. Barnhart, 362 F3d at 1000; 20 C.F.R. 404.1545(a)(1). Although final responsibility for deciding the issue of residual functional capacity and the ultimate issue of disability is reserved to the Commissioner, 20 C.F.R. § 404.1527(3) and Social Security Ruling 96-5p, the ALJ may not "play doctor" or reject medical evidence without giving adequate reasons for doing so. Kangail v. Barnhart, 454 F.3d 627, 629 (7th Cir. 2006); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); Green v. Apfel, 204 F.3d 780, 781 (7th Cir. 2000). The medical opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); Clifford v. Apfel, 227 F.3d at 870.

> Obviously if it is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it. Equally obviously, once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight.

Hofslein v. Barnhart, 439 F.3d 375, 376 (7th Cir. 2006). Failing an entitlement to controlling weight, social security regulations establish guidelines for the ALJ to

4

apply in determining the weight to afford to these types of opinions. See 20 C.F.R. § 404.1527(d) and 416,927; Butera v. Apfel, 173 F.3d 1049, 1056-1057 (7th Cir. 1999).

The ALJ referred to the appropriate standard in his decision, and indicated that he had considered all the available medical opinions in making his residual functional capacity assessment. He acknowledged that Mr. Hagan's treating oral surgeon, Dr. Robert McMahon, had periodically opined that Mr. Hagan was disabled and unable to work due to severe and chronic facial and jaw pain, and that his condition was guarded and would require the indefinite use of narcotic pain medications (including Duragesic, Percocet, Soma, and Peridose), but his decision is devoid of any analysis of those opinions. The ALJ didn't indicate what weight, if any, he gave to Dr. McMahon's statements or identify any basis for giving them less than controlling weight.

The ALJ's assessment of Mr. Hagan's subjective complaints of pain and the limitations it imposes was similarly flawed. In deciding whether Mr. Hagan retained the residual functional capacity to perform any type of substantial gainful employment, the ALJ acknowledged the need to consider "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. 404.1529 and 416.929, and Social Security Ruling 96-7p." But there's little indication that he actually applied those requirements.

The regulations prescribe a two-step analysis of a claimant's subjective complaints. For pain or other symptoms to contribute to a disability finding, an individual must first establish by medical evidence the presence of a medically determinable impairment reasonably expected to produce the pain or other symptoms alleged; once such an impairment is established, allegations about the intensity and persistence of pain or other symptoms must be considered with the medical signs and laboratory findings in evaluating the impairment. See 20 C.F.R. §§ 404.1529 and 416.929. The ALJ must evaluate subjective complaints in light of all the evidence, including such things as the claimant's work history, medical evidence, testimony, demeanor, daily activities, medications, nature and frequency of pain, and other aggravating factors. See id.; S.S.R. 96-7p; see also Pope v. Shalala, 998 F.2d 473, 485-486 (7th Cir. 1993).

Mr. Hagan has a medically determinable impairment that could reasonably be expected to produce severe and chronic pain. Uncontroverted medical evidence showed that he has osteomyelitis[1] and osteonecrosis[2] of the jawbone. He takes large daily doses of narcotic medications prescribed by Dr. Robert McMahon, the oral surgeon who has treated Mr. Hagan for over 14 years. According to Dr. McMahon, Mr. Hagan's condition is not likely to improve. Mr. Hagan testified that

---

[1] Inflammation of the bone marrow and adjacent bone. Symptoms include fever, pain, and redness and swelling of the affected area. AMERICAN MEDICAL ASSOCIATION COMPLETE MEDICAL ENCYCLOPEDIA (2003).

[2] The general medical term for loss of tissue and destruction of bone structures. AMERICAN MEDICAL ASSOCIATION COMPLETE MEDICAL ENCYCLOPEDIA (2003).

the medications reduce the severe and chronic face, jaw, and back pain he experiences, but produce side effects, including fatigue, loss of memory, loss of concentration, and drowsiness, and require him to nap daily for three to four hours.

The ALJ found that Mr. Hagan's allegations regarding his limitations "[were] not totally credible for the reasons set forth in the body of the decision." In reviewing the decision, however, the court couldn't identify what those reasons were. It appears from what little is said that the ALJ discredited Mr. Hagan's subjective testimony because he believed that Mr. Hagan was over-using/misusing narcotic pain medications, and that the ALJ disregarded symptoms he thought were related to that perceived misuse, such as fatigue and memory loss. The ALJ, however, is not a medical expert and is not qualified to give a medical opinion as to whether pain medication is medically necessary. Dr. McMahon prescribed the medications and has consistently opined that they are medically necessary for the ongoing treatment of chronic and severe facial and jaw pain. No treating or other medical source has stated otherwise.

The ALJ's assessment of credibility is entitled to great deference, *see* Herron v. Shalala, 19 F.3d 329, 335 (7th Cir. 1994); Ehrhart v. Secretary of Health and Human Servs., 969 F.2d 534, 541 (7th Cir. 1992), but the court has greater freedom to reassess credibility determinations when they rest upon "objective factors and fundamental implausibilities," rather than subjective determinations. Herron v. Shalala, 19 F.3d at 335. The ALJ cannot simply recite the applicable

standard in his decision and make conclusory statements about the claimant's credibility. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001); Social Security Ruling 96-7p. His decision must demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. Rohan v. Chater, 98 F.3d 966, 971 (7th Cir. 1996); *see also* Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (the ALJ must build an build an "accurate and logical bridge from the evidence to his conclusions"). The ALJ did not meet that burden in Mr. Hagan's case.

The final error ascribed to the ALJ is an alleged failure to resolve material conflicts between Dr. Fisher's testimony about the type of work an individual with Mr. Hagan's impairments could perform and the Dictionary of Occupational Titles. Mr. Hagan raised this issue for the first time before the Appeals Council, and submitted additional evidence to the Council in support of his claim (a letter from another vocational expert, Edward Pagella, calling into question Dr. Fisher's testimony with regard to the type of work that a person with Mr. Hagan's impairments and limitations could perform). The Appeals Council denied Mr. Hagan's request for review without addressing the additional evidence, and the Commissioner contends that Mr. Hagan has waived his right to raise the issue on appeal because he was represented by counsel at the hearing and his attorney could have cross-examined Dr. Fisher and presented his own vocational evidence at the hearing, but failed to do so. The discussion about Mr. Hagan's other assertions of error makes the issue moot.

CONCLUSION

The decision of the Commissioner of Social Security is hereby VACATED and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:   September 25, 2007

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

9